**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                          **10-CR-188A**

**ERIC DE LEON, JR.,**

        **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. # 251.

## PRELIMINARY STATEMENT

The defendant, Eric De Leon, Jr. is charged in counts 4, 5 and 6 of a 13 count indictment against 23 defendants with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846; and two counts of possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(B) and Title 18 United States Code Section 2. Dkt. #1. The defendant also faces forfeiture of

money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p). Dkt. #1.

The defendant filed an omnibus motion.  Dkt. #335.  The government filed a response and request for reciprocal discovery.  Dkt. #445.  This Report, Recommendation and Order addresses defendant's motion to suppress statements and evidence obtained pursuant to Title III intercept orders and a search of 16 Blum Avenue.

## DISCUSSION AND ANALYSIS

**Suppression of Statements**

In reliance upon the government's representation that defendant did not make any statements pursuant to interrogation by any government agents, it is recommended that defendant's motion to suppress any such statements be denied.

**Suppression of Wire Interceptions**

Defendant's motion papers state, without explanation, that he is an "aggrieved person," as defined in Title 18 U.S.C. § 2510(11).  Dkt. #335, p.35. Defendant seeks suppression based upon an alleged failure to sufficiently demonstrate that other investigative options had been exhausted.  Dkt. #335, pp.36-42.

The government responds that defendant lacks standing.  Dkt. #445, p.53. In any event, the government argues that the affidavits clearly evidence necessity for the interception.  Dkt. #445, p.58.

-3-

Standing

18 U.S.C. § 2518(10)(a) permits any aggrieved person to move to suppress the contents of any intercepted communication on the grounds that the communication was unlawfully intercepted; the order approving interception was insufficient on its face; or the interception was not made in conformity with the interception order.  An "aggrieved person" is defined as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).  This provision "is to be construed in accordance with standing requirements usually applied to suppression claims under the fourth amendment." *United States v. Gallo*, 863 F.2d 185, 192 (2d Cir. 1988), *cert. denied*, 489 U.S. 1083 (1989).  As defendant Eric De Leon, Jr., was a named target and interceptee on the Title III interception orders docketed as 09-MR-88 and 09-MR-103, he has demonstrated standing to move against the intercept orders.

Necessity

In accordance with 18 U.S.C. § 2518(1)©, each application for an order authorizing or approving the interception of a wire, oral, or electronic communication must include

> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

"[G]eneralized and conclusory statements that other investigative procedures would prove unsuccessful" will not satisfy the statute. *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983). However, the government is not required to wait until "all other possible

means of investigation have been exhausted by investigative agents; rather, they only require that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Torres*, 901 F.2d 205, 231 (2d Cir.), *cert. denied*, 498 U.S. 906 (1990), *quoting United States v. Vazquez*, 605 F.2d 1269, 1282 (2d Cir.), cert. denied, 444 U.S. 981 (1979). Moreover, in reviewing a decision issuing an intercept order, it is not appropriate for the Court "to make a de novo determination of the sufficiency of the application," but only "to decide if the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Diaz*, 176 F.3d 52, 109 (2d Cir.), *cert. denied by Rivera v. United States*, 528 U.S. 875 (1999) (internal quotation omitted). Recognizing the difficulty of successfully utilizing traditional law enforcement methods to surveil complex criminal operations involving large conspiracies, the Court of Appeals has adopted a practical, commonsense approach to such determinations. *United States v. Concepcion*, 579 F.3d 214, 218 (2d Cir. 2009).

As in *Torres*, the defendant's claim that traditional law enforcement methods had proven successful and could continue to advance the investigation, thereby negating the need for interception of electronic communications, is unpersuasive. Giving proper deference to Chief Judge Skretny's review and acceptance of the extensive affidavits of Special Agent John A. Yervelli, Jr. and Special Agent Jason E. Galle in support of the applications for the intercept orders and continuation thereof, it is concluded that Chief Judge Skretny properly found that conventional investigative techniques had been tried and failed and that alternatives to wire

-5-

interception would be unlikely to succeed or would be too dangerous thereby necessitating the intercept orders and extensions thereto. Therefore, it is recommended that defendant's motion to suppress the electronic evidence on the basis of necessity be denied.

**Suppression of Evidence obtained from Search Warrant**

Defendant seeks suppression of evidence obtained at 16 Blum Avenue on the ground that the information presented to the Court in support of the search warrant was stale and otherwise insufficient to support the belief that the residence contained evidence linking it to illegal activity.  Dkt. #335, pp.43-44.  Defendant also seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, to determine whether the facts in the search warrant had proper foundation.  Dkt. #335, p.43.

The government responds that defendant has failed to demonstrate standing to move against the search of 16 Blum Avenue, which is the residence of several co-defendants or any basis to undermine the presumption of validity afforded affidavits in support of search warrants.  Dkt. #445, p.63.

Even if defense counsel's affirmation that defendant resided at 16 Blum Avenue is sufficient to establish standing, there is no basis for suppression of the evidence seized from the residence.  The affidavit in support of the search warrant provided probable cause to believe that multiple kilograms of cocaine were delivered to 16 Blum Avenue within two months of the application for a search warrant for the premises.  Such a time frame does not support defendant's staleness argument.  *See*

*United States v. Funderburk*, 492 F. Supp.2d 223, 241 (W.D.N.Y. 2007) (information less than six months old regarding narcotics conspiracy is not stale).  Moreover, defendant has proffered no basis for a *Franks* hearing.  See *Franks v. Delaware*, 438 U.S. 154, 171 (1978) (To mandate an evidentiary hearing, the challenger's attack must be more than conclusory; there must be allegations of material omissions, deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof pointing out specifically the portion of the warrant affidavit that is claimed to be false).

Therefore, it is hereby  **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
June 15, 2012

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**